UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GOVIND,<br><br>               Plaintiff,<br><br>    v.<br><br>WARDEN JAMES S. HILL, et al.<br><br>               Defendants. | Case No. 5:23-cv-01080-JFW-JC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I.   BACKGROUND AND SUMMARY

On June 7, 2023, Plaintiff Daniel Govind, who is proceeding *pro se*, filed a Civil Rights Complaint ("Original Complaint" or "OC") against the following Defendants who are or were California Department of Corrections and Rehabilitation ("CDCR") employees working at the California Institution for Men in Chino, California ("CIM"):  (1) Warden James S. Hill; (2) Correctional Sergeant Murray; (3) Correctional Officer ("CO") Zuniga; (4) Supervising Cook Gusman; and (5) Michell Mejia, RN.  (Docket ("Dkt.") No. 1).  All Defendants were sued in both their individual and official capacities.  (OC at 7-9 (as paginated on the Court's electronic docket)).

On November 8, 2023, this Court dismissed the case without prejudice based on Plaintiff's failure to pay the filing fee and the case was closed.  (Dkt. No. 9).  However, on January 26, 2024, the Court reopened the case at Plaintiff's request and directed him to pay the filing fee by February 29, 2024.  (Dkt. No. 12).  Plaintiff timely paid the filing fee.  (Dkt. No. 13).

On June 6, 2024, the Magistrate Judge screened the Original Complaint pursuant to 28 U.S.C. § 1915A ("First Screening Order").  (Dkt. No. 17).[1]  More specifically, the First Screening Order advised Plaintiff that the Original Complaint was deficient for reasons described therein,[2] dismissed the Original Complaint with

[1]Absent consent by all parties, including unserved defendants, a magistrate judge cannot issue dispositive orders, including an order dismissing a claim.  Branch v. Umphenour, 936 F.3d 994, 1004 (9th Cir. 2019); see also Williams v. King, 875 F.3d 500, 504 (9th Cir. 2017) ("[C]onsent of all parties (including unserved defendants) is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under § 636(c)(1)."); 28 U.S.C. § 636(b)(1)(A)-(B).  However, "the dismissal of a complaint with leave to amend is a non-dispositive matter."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Accordingly, a magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge.  See id. at 797.  Additionally, a plaintiff who disagrees with a magistrate judge's order, including a nondispositive order dismissing a pleading with leave to amend, may file an objection with the district judge.  See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015); see also Hunt v. Pliler, 384 F.3d 1118, 1124 (9th Cir. 2004) ("District court review of even these nondispositive matters . . . can be compelled upon objection of the party against whom the magistrate has ruled.") (quoting McKeever, 932 F.2d at 798).  The First Screening Order expressly notified Plaintiff that (1) the First Screening Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the First Screening Order if such party did not seek review thereof or object thereto.  (First Screening Order at 12 n.6).  Plaintiff did not seek review of, or file any objection to the First Screening Order.

[2]Specifically, the Magistrate Judge advised Plaintiff, albeit in greater detail and with citation to authorities, that the Original Complaint, among other things, failed to state a viable claim against any Defendant, was barred by the Eleventh Amendment to the extent it sued Defendants in their official capacities, and failed to state a viable Eighth Amendment failure to

(continued...)

2

leave to amend, and directed Plaintiff, within twenty days, to file one of the following:  (1) a First Amended Complaint which cured the pleading defects described in the First Screening Order; (2) a Notice of Dismissal; or (3) a Notice of Intent to Stand on the Original Complaint.  (First Screening Order at 12-13).

On July 29, 2024, Plaintiff filed a First Amended Complaint, suing the same five Defendants in their individual and official capacities.  (Dkt. No. 20).  On April 7, 2025, the Magistrate Judge screened the First Amended Complaint ("Second Screening Order").  (Dkt. No. 23).[3]  More specifically, the Second Screening Order advised Plaintiff that the First Amended Complaint was deficient for reasons described therein,[4] dismissed the First Amended Complaint with leave to amend, and directed Plaintiff, within twenty days, to file one of the following: (1) a Second Amended Complaint which cured the pleading defects described in the Second Screening Order; (2) a Notice of Dismissal; or (3) a Notice of Intent to Stand on the First Amended Complaint.  (Second Screening Order at 14-15).  The

---

[2](...continued)
protect or denial of medical care claim against any Defendant.  (First Screening Order at 6-12).

[3]See supra note 1.  The Second Screening Order expressly notified Plaintiff that (1) the Second Screening Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the Second Screening Order if such party did not seek review thereof or object thereto.  (Second Screening Order at 14 n.7).  Plaintiff did not seek review of, or file any objection to the Second Screening Order.

[4]Specifically, the Magistrate Judge advised Plaintiff, albeit in greater detail and with citation to authorities, that the First Amended Complaint, among other things, failed to state a viable claim against any Defendant, was barred by the Eleventh Amendment to the extent it sued Defendants in their official capacities, and failed to state a viable Fourteenth Amendment due process or equal protection claim, a viable Eighth Amendment failure to protect or denial of medical care claim, or a First Amendment retaliation claim against any Defendant.  (First Screening Order at 8-14).

1    Court granted Plaintiff multiple extensions of the deadline to comply with the

2    Second Screening Order.  (See Dkt. Nos. 26, 28, 30).

3         On August 27, 2025, Plaintiff filed a Second Amended Complaint, suing

4    Warden Hill, Sergeant Murray, CO Zuniga, and Nurse Mejia in their individual

5    capacities.  (Dkt. No. 31).  On October 20, 2025, the Magistrate Judge screened the

6    Second Amended Complaint ("Third Screening Order").  (Dkt. No. 32).[5]  More

7    specifically, the Third Screening Order advised Plaintiff that the Second Amended

8    Complaint was deficient for reasons described therein,[6] dismissed the Second

9    Amended Complaint with leave to amend, and directed Plaintiff, within twenty days

10   (i.e., by November 10, 2025), to do one of the following:  (1) file a Third Amended

11   Complaint which cures the pleading defects set forth in the Third Screening Order;

12   (2) sign and file a Notice of Dismissal which Plaintiff was advised would result in

13   the voluntary dismissal of this action without prejudice; or (3) file a Notice of Intent

14   to Stand on the Second Amended Complaint, indicating Plaintiff's intent to stand on

15   the Second Amended Complaint despite the pleading defects set forth in the Third

16   Screening Order, which Plaintiff was advised may result in the dismissal of this

17   action based upon such defects.  (Third Screening Order at 11-12).

18        On November 10, 2025, Plaintiff instead filed a "Motion for Leave to File

19

20        [5]See supra note 1.  The Third Screening Order expressly notified Plaintiff that (1) the Third Screening Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the Third Screening Order if such party did not seek review thereof or object thereto.  (Third Screening Order at 11 n.4).  Plaintiff did not seek review of, or file any objection to the Third Screening Order.

26        [6]Specifically, the Magistrate Judge advised Plaintiff, albeit in greater detail and with citation to authorities, that the Second Amended Complaint, among other things, failed to state a viable Eighth Amendment failure to protect or denial of medical care claim against any Defendant or a supervisory liability claim against Defendant Hill.  (Third Screening Order at 5-10).

4

1  Third [A]mended Complaint in [A]beyance to Stay Pending Release [f]rom Prison

2  by a Professional Attorney" ("Motion to Stay").  (Dkt. No. 33).  On November 25,

3  2025, this Court denied the Motion to Stay, but extended Plaintiff's deadline to

4  comply with the Third Screening Order to December 15, 2025 (twenty (20) days

5  after the date of such Order) ("November Order").[7]  (Dkt. No. 34).  The November

6  Order directed Plaintiff to do one of the following by December 15, 2025:  (1) file a

7  Third Amended Complaint which cured the pleading defects set forth in the Third

8  Screening Order; (2) sign and file a Notice of Dismissal which would result in the

9  voluntary dismissal of this action without prejudice; or (3) file a Notice of Intent to

10  Stand on the Second Amended Complaint, indicating Plaintiff's intent to stand on

11  the Second Amended Complaint despite the pleading defects set forth in the Third

12  Screening Order, which might result in the dismissal of this action based upon such

13  defects.  (November Order at 3-4).  The November Order further cautioned Plaintiff

14  – in bold-faced print – that his failure timely to file a Third Amended Complaint, a

15  Notice of Dismissal, or a Notice of Intent to Stand on the Second Amended

16  Complaint may be deemed Plaintiff's admission that amendment is futile, and may

17  result in the dismissal of this action with or without prejudice on the grounds set

18  forth in the Third Screening Order, on the ground that amendment is futile, for

19  failure diligently to prosecute and/or for failure to comply with the November

20  Order.  (November Order at 4).

21       To date – more than two weeks after the deadline to do so – Plaintiff has not

22  complied with the Third Screening Order and the November Order.  More

23  specifically, he has failed to file a Third Amended Complaint, a Notice of

24  Dismissal or a Notice of Intent to Stand on the Second Amended Complaint.  Nor

25  has Plaintiff communicated with the Court since filing the Motion to Stay.

26       As discussed below, this action is dismissed due to Plaintiff's unreasonable

27  _____

28       [7]In the November Order, this Court further stated that it agreed with and adopted the First, Second, and Third Screening Orders.  (November Order at 2 n.1).

5

1  failure to prosecute and his failure to comply with the Third Screening Order and

2  November Order.

## II.    PERTINENT LAW

4          It is well-established that a district court may *sua sponte* dismiss an action

5  where the plaintiff has failed to comply with a court order and/or unreasonably

6  failed to prosecute.  See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33

7  (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert.

8  denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th

9  Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable

10 failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356

11 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P.

12 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in

13 complaint and is given "the opportunity to amend [the complaint] or be dismissed"

14 but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

15         In determining whether to dismiss an action for failure to prosecute or failure

16 to comply with court orders, a district court must consider several factors, namely

17 (1) the public's interest in expeditious resolution of litigation; (2) the court's need

18 to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy

19 favoring disposition of cases on their merits; and (5) the availability of less drastic

20 alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to

21 prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

22 Dismissal is appropriate under the foregoing analysis "where at least four factors

23 support dismissal . . . or where at least three factors 'strongly' support dismissal."

24 Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations

25 omitted).

26         Where a plaintiff is proceeding *pro se*, however, the court must first notify

27 the plaintiff of the deficiencies in the complaint so that the plaintiff has an

28 opportunity "to amend effectively."  Ferdik, 963 F.2d at 1261 (citation omitted).  In

6

addition, where a Magistrate Judge originally dismissed the complaint with leave to amend, the District Judge must review that decision before dismissing the entire action.  See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that decision before dismissing the entire action.").  A District Judge may not dismiss an action for failure to comply with a court order or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous.  Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

## III.    DISCUSSION AND ORDER

First, this Court has reviewed the First Screening Order dismissing the Original Complaint, the Second Screening Order dismissing the First Amended Complaint, and the Third Screening Order dismissing the Second Amended Complaint and finds that such orders adequately and properly notified Plaintiff of the deficiencies in the Original Complaint, the First Amended Complaint, and the Second Amended Complaint and afforded Plaintiff an opportunity to amend effectively.  As reflected in the November Order, this Court agrees with and adopts the First, Second, and Third Screening Orders and finds that the Magistrate Judge properly dismissed the Original Complaint, the First Amended Complaint and the Second Amended Complaint with leave to amend for the reasons discussed in the First, Second, and Third Screening Orders.

Second, dismissal is appropriate based upon Plaintiff's failure to comply with the Third Screening Order and November Order and the failure to prosecute.  The Court has considered the five factors discussed above – the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, the risk of prejudice to the Defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives.  The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal.  As noted above,

Plaintiff has been notified of the deficiencies in the Second Amended Complaint and has been given ample opportunity to amend it, to dismiss it, or to notify the Court that he wishes to stand thereon.  He has done none of those things.  See Edwards, 356 F.3d at 1065.  The third factor, risk of prejudice to the Defendants, also weighs strongly in favor of dismissal.  See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted).  The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  As for the fifth factor, since Plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the Third Screening Order and November Order by the deadline to do so, and has been afforded ample opportunity to avoid such consequences but has not timely responded, no sanction lesser than dismissal is feasible.  See, e.g., Yourish, 191 F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

IT IS THEREFORE ORDERED that this action is dismissed based upon Plaintiff's unreasonable failure to prosecute and his failure to comply with the Third Screening Order and November Order.

IT IS SO ORDERED.

DATED: January 5, 2026

HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

8